## Epstein Estate

*Sidney Margulies* and *Cohen, Shapiro, Berger, Polisher & Cohen,* for accountants.

KLEIN, Adm. J., August 4, 1969.—Isidor Epstein died December 18, 1966, leaving a will which was duly probated. In paragraph third of his will he provided:

"I bequeath the sum of Five Hundred Dollars ($500) in trust to be used as a perpetual flower fund, the income thereof to be used annually for the purpose of purchase of two dozen red roses to be placed on the grave of my dear, deceased wife, PEARL EPSTEIN, on January 29 of each and every year and for the purchase of two dozen red roses to be placed on the grave of my dear, deceased wife, PEARL EPSTEIN, on May 17 of each and every year."

By adjudication dated January 12, 1968, $500 was awarded to Mt. Sinai Cemetery, where Pearl Epstein is interred "in trust for perpetual flower fund."

Harry Polish, Esquire, Secretary of the Mt. Sinai Cemetery Association, has advised counsel for the accountant that the cemetery refuses to accept the bequest under any circumstances. Thereupon, Rita H. Sales, testator's daughter, who is one of the executors, wrote a letter to The First Pennsylvania Banking and Trust Company, under date of June 10, 1969, in which she stated:

"In view of the cemetery company's refusal to accept this bequest, I agree to accept the sum of $500.00 in trust, honorary in nature and not binding in law, with the understanding that its enforcement will be entirely a matter of conscience with me, even to the extent of perpetuating this service after my death."

The auditing judge is of the opinion that the trust created by testator, although valid, is honorary in nature and not enforceable at law: Braig Estate, 36 D. & C. 2d 469, 15 Fiduc. Rep. 401 (1964). See also Dreisbach Estate, 384 Pa. 535 (1956); Devereux's Estate, 48 D. & C. 491 (1943).

Accordingly, the bequest of $500 to Mt. Sinai Cemetery "in trust for perpetual flower fund" awarded in the adjudication of January 12, 1968, is revoked. In lieu thereof, the said $500 is awarded to Rita H. Sales, testator's daughter, in trust, honorary in nature and not binding in law, with the understanding that its enforcement will be a matter of conscience with her, with authority in her to perpetuate testator's directions after her death in such manner as she, in her discretion may deem proper.

In all other respects the adjudication of January 12, 1968, is confirmed.

And now, August 4, 1969, the account is reconfirmed nisi.